UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| LORNE EUGENE OSBORN, | ) | |
| | ) | |
| Movant, | ) | Case No. 1:06-cv-834 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| _____ | ) | |

This is a proceeding brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Movant, Lorne Eugene Osborn, is serving a sentence of 210 months' imprisonment, imposed by

former District Judge David W. McKeague on May 27, 2004, after a jury found him guilty of

manufacturing more than 100 marijuana plants.  21 U.S.C. § 841(a)(1).  Read with the required

liberality, movant's *pro se* motion asserts a single ground for relief:  movant's retained counsel,

Kenneth E. Marks, was constitutionally ineffective for failure to perfect an appeal as requested by

movant.  The government has filed a response to the motion, appending an affidavit from Attorney

Kenneth Marks.  In his affidavit, Attorney Marks acknowledges that his client wanted to appeal and

admits that he did not file a notice of appeal.  Mr. Marks says that he has "no valid explanation" as

to why the notice of appeal was not filed.  On this basis, the United States Attorney concedes that

movant should be granted section 2255 relief.  For the reasons set forth below, I concur.

**Proposed Findings of Fact**

Movant was charged in a single-count indictment with manufacture of over 100 marijuana plants. *United States v. Lorne Eugene Osborn*, case no. 1:03-cr-08 (W.D. Mich.). At movant's request, the Federal Public Defender was appointed to represent him. On June 3, 2003, movant and counsel appeared before the court for purposes of entering a plea of guilty, pursuant to a plea agreement, to a reduced charge of manufacturing more than 50 marijuana plants. By order entered June 19, 2003, Judge McKeague accepted the plea of guilty and adjudicated movant guilty of the charge set forth in the Superseding Information. Movant appeared for sentencing on October 20, 2003, at which time he voiced complaints about the Federal Public Defender and sought permission to withdraw his plea of guilty. Judge McKeague allowed petitioner to withdraw his guilty plea and allowed him to substitute retained counsel, Kenneth E. Marks, in the place of the Federal Public Defender.

Movant proceeded to a jury trial on April 13, 2004. On April 15, 2004, the jury found movant guilty of manufacturing more than 100 marijuana plants. On May 27, 2004, Judge McKeague sentenced movant to a term of 210 months' imprisonment, to be served consecutively to movant's existing state sentence. The court also imposed a fine, a special assessment, and a four-year period of supervised release. The record shows that movant and his counsel were given the standard appeal packet at the conclusion of sentencing.

On November 17, 2005, movant filed a *pro se* letter, which the court construed as a notice of appeal. (docket # 88). The United States Court of Appeals for the Sixth Circuit assigned docket no. 05-2606 to the appeal. By order entered January 30, 2006, the Court of Appeals

dismissed the appeal for lack of jurisdiction, because the notice of appeal was filed well after the ten-day jurisdictional limit established by Fed. R. App. P. 4(b).

Movant initiated the present proceeding under 28 U.S.C. § 2255 by filing a *pro se* motion on November 24, 2006. The motion alleged ineffective assistance of counsel arising from the failure of Attorney Kenneth E. Marks to file a notice of appeal when requested to do so by movant. The motion was supported by a sworn affidavit, in which movant averred that on the day of his sentencing he told Mr. Marks to file a notice of appeal and that Mr. Marks said that he would do so. The affidavit further averred that he thereafter attempted without success to contact his attorney. Movant asserted that he first learned of his attorney's failure to file a notice of appeal when the Clerk of this Court provided movant with a copy of the docket sheet in his criminal case. Because Judge McKeague had previously been elevated to the Sixth Circuit Court of Appeals, this section 2255 proceeding was assigned to District Judge Gordon J. Quist.

By order entered December 11, 2006, Judge Quist referred this matter to me for the issuance of a report and recommendation. (Order, docket # 5). By order entered the same day (docket # 6), I directed the government to expand the record, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings, by procuring the affidavit of Attorney Kenneth E. Marks with regard to the events surrounding movant's alleged request that counsel file a notice of appeal. Thereafter, the court extended the time for the government to comply, on the strength of the government's allegation that Mr. Marks was not cooperating in producing an affidavit. Ultimately, the government filed a motion to compel Mr. Marks to produce an affidavit. In response to the government's motion, the court issued an order to show cause directing Attorney Marks to appear before the court on March 28, 2007. The order to show cause had its intended effect, and Mr. Marks

ultimately produced a document called an affidavit, which was undated and not sworn or submitted

under penalties of perjury.  Mr. Marks's "affidavit" admitted that he failed to file a notice of appeal

and stated that he had "no valid explanation in explaining why the notice of appeal was never filed

in a timely manner or ever filed by me."  (Aff., ¶ 7, docket # 15).  Mr. Marks also admitted that he

never sent a letter to movant to advise him whether any appealable issue existed nor did he advise

him to seek counsel for purposes of bringing a claim of ineffective assistance of counsel against Mr.

Marks.  On the strength of the Marks affidavit, the United States promptly responded to the section

2255 motion, conceding that movant was entitled to relief.  (Govt.'s Response at 4-5, docket # 16).

## Discussion

The Sixth Amendment to the Constitution guarantees the accused in a criminal

prosecution the effective assistance of counsel.  The Supreme Court has established that the test for

assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two-

pronged inquiry of *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Roe v. Flores-Ortega*, 528

U.S. 470, 477 (2000).  The first prong of the *Strickland* standard asks whether counsel's performance

fell below an objective standard of reasonableness.  The Supreme Court has squarely held that it is

professionally unreasonable for a lawyer to fail to file an appeal when specifically instructed to do

so.  *Roe*, 528 U.S. at 477; *accord Rodriguez v. United States*, 395 U.S. 327, 329-330 (1969).  By

defense counsel's own admission, this is precisely the situation in the present case.  The Sixth Circuit

holds that counsel's failure to perfect a direct appeal upon his client's request is a *per se* Sixth

Amendment violation and that a criminal defendant is entitled to a delayed appeal in such cases,

without any showing of likelihood of success on the merits. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *accord Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003).

As trial counsel for movant, Mr. Marks had the clear obligation to ascertain whether the client wanted to appeal and, if so, to file a Notice of Appeal on his behalf. Mr. Marks had this obligation even if he had not been specifically retained to prosecute an appeal. Under the clear rules of the Sixth Circuit, trial counsel in criminal cases, "whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal until specifically released by this Court." 6TH CIR. R. 101(a). If, for whatever reason, Mr. Marks did not wish to represent movant on appeal, his professional obligation to his client nevertheless required that he safeguard the client's right to appeal by filing a timely notice of appeal, and then seek leave to withdraw from the Court of Appeals under 6th Cir. R. 101(f). Abandoning his client's cause was not an option.

The foregoing authorities require the grant of section 2255 relief in the present case, in the form of an order allowing him to pursue a delayed appeal as of right.[1]

## Recommended Disposition

For the foregoing reasons, I recommend as follows:

A. The motion for section 2255 relief should be granted, and an order should enter allowing movant to take a delayed appeal as of right.

---

[1] Because the government has conceded movant's right to this relief, I do not expect objections to this report and recommendation. I have therefore appointed the Federal Public Defender to represent movant, so that appointed counsel will be in a position to file an immediate notice of appeal on movant's behalf if and when the court adopts the report and recommendation.

B.      Attorney Kenneth E. Marks should be ordered to show cause why he

should not be removed from the bar of this court or otherwise disciplined pursuant

to Rule 57.1(k) of the Local Criminal Rules of the Western District of Michigan.


Dated:   June 28, 2007                          /s/  Joseph G. Scoville
                                                United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).